United States District Court
Southern District of Texas
**ENTERED**
December 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX OTERO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-3295 |
| | § | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### ORDER ENJOINING FORECLOSURE SALE

Pending before the Court is a motion for a temporary restraining order filed by Plaintiff Felix Otero ("Otero"). (Dkt. 7). Defendant U.S. Bank Trust National Association ("U.S. Bank") has filed a response (Dkt. 10), and Otero has filed a reply. (Dkt. 11). The Court has considered the record, the parties' briefing, and the applicable law. Otero's motion (Dkt. 7) is **GRANTED**. Because U.S. Bank had notice of Otero's motion and filed a response, the Court will not limit the length of the injunction to the 14-day period set out in Federal Rule of Civil Procedure 65(b)(2). This matter is set for a preliminary injunction hearing on **January 6, 2022 at 1:30 p.m.**

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). In the Fifth Circuit, the following well-established framework generally governs the determination of whether to grant a preliminary injunction:

> To be entitled to a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction.
> *Id*.

Otero has presented sufficient evidence at this time to warrant an injunction until an evidentiary hearing can be held. Otero will lose his home if the foreclosure sale goes forward, and he alleges that U.S. Bank has sent "multiple fraudulent reports to [his] credit bureau which, in addition to being fraudulent, are in contention with each other." (Dkt. 7 at p. 1). Otero further alleges that "[t]hese misrepresentations have prevented [him] from being able to refinance his home and pay off [U.S. Bank]." (Dkt. 7 at p. 1). Otero has attached copies of the allegedly fraudulent credit reports to his application for injunctive relief.

Accordingly, the Court **ORDERS** U.S. Bank and its agents, employees, directors, shareholders, and legal counsel to immediately cease and desist from taking any further action in pursuit of selling the property that is the subject matter of this lawsuit and is commonly known as 306 Plaza Sol Park, Houston, Texas 77020 ("the Property") at a foreclosure sale. **The foreclosure sale regarding the Property that is scheduled for December 7, 2021 may not go forward.**

This matter is set for a preliminary injunction hearing on **January 6, 2022 at 1:30 p.m.** The injunction against foreclosure on the Property will remain in force until lifted by this Court. The Court will not require Otero to post a bond under Federal Rule of Civil Procedure 65(c) at this time.

SIGNED at Houston, Texas, this 6th day of December, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE